# EXHIBIT A
# STATE COURT DOCUMENTS

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF PICKENS<br><br>Monique Tate,<br><br>     Plaintiff,<br><br>v.<br><br>City of Easley,<br><br>     Defendant. | IN THE COURT OF COMMON PLEAS FOR THE THIRTEENTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANTS ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

            **CROMER BABB PORTER & HICKS, LLC**

         BY:  *s/ J. Paul Porter*
            J. Paul Porter (#100723)
            Elizabeth M. Bowen (#103337)
            1418 Laurel Street, Suite A (29201)
            Post Office Box 11675
            Columbia, South Carolina 29211
            Phone: (803) 799-9530
            Fax: (803) 799-9533
            paul@cbphlaw.com
            beth@cbphlaw.com

            *Attorneys for Plaintiff*

July 25, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF PICKENS<br><br>Monique Tate,<br><br>      Plaintiff,<br><br>v.<br><br>City of Easley,<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS<br>IN THE THIRTEENTH CIRCUIT<br><br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

## EMPLOYMENT CASE

Plaintiff, complaining of the Defendant, respectfully alleges as follows.

## PARTIES AND JURISDICTION

1. Plaintiff, Monique Tate, is a citizen and resident of Pickens County, South Carolina.

2. Defendant City of Easley is a municipality operating under a Mayor-Council form of government in Pickens County, South Carolina.

3. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended.

4. The acts and omissions giving rise to this lawsuit happened in Pickens County.

5. This Court has personal jurisdiction over these parties and concurrent subject matter jurisdiction over this lawsuit's claims.

6. This is an appropriate venue for this case.

7. Plaintiff demands a jury trial on all claims and triable issues.

8. Plaintiff filed charges with the Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission, received her Notice of Right to Sue, and this action is timely.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant in 2003, where she most recently served as the Records Manager.

10. Plaintiff met Defendant's legitimate expectations during her employment.

11. Plaintiff received promotions and recognition for her performance with Defendant, including recognition as "Employee of the Year" in 2020.

12. Defendant's former Interim Police Chief, Lane Byers ("Byers"), sexually harassed Plaintiff from August 2020 to March 2021.

13. Byers made inappropriate sexual comments and advances toward Plaintiff, including remarks that Byers was "very fertile," that Plaintiff "needed a baby," and that Plaintiff "better be careful, [he'd] put a whammy on [Plaintiff]."

14. Byers frequently inquired into Plaintiff's personal life, invited her to his home, and followed her to the bathroom at work, knocked on the bathroom door, and screamed her name while she was in the bathroom.

15. On one occasion, Byers followed Plaintiff to the bathroom at work and opened the door while she was in the bathroom.

16. Plaintiff tried to ignore and reject the inappropriate behavior from Byers, but his behavior continued and worsened.

17. Byers retaliated against Plaintiff for denying his advances.

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

18. Byers treated Plaintiff in a disparate manner with respect to job assignments and subjected her to hostile treatment and angry outbursts following her rejection of his advances.

19. Plaintiff complained to Defendant's City Administrator on March 9, 2021, and on March 11, 2021, by formal letter.

20. Defendant's City Administrator and Defendant's Human Resources Director discouraged Plaintiff from making a formal complaint against Byers.

21. Defendant brought in the Greenville County Sheriff's Office to conduct an investigation on March 29, 2021.

22. The investigation "cleared" Byers of "criminal" wrongdoing but corroborated that Plaintiff had been harassed on one instance where she had a witness.

23. The other instances were disregarded as Plaintiff's word against Byers' word. Even though Plaintiff's story had been partially corroborated, calling into question Byers' credibility.

24. Defendant released Byers and named a new permanent Chief following the investigation.

25. Plaintiff's supervisors and coworkers blamed Plaintiff and the witness for the dismissal of Byers and treated them in a disparate manner.

26. Defendant paid for Byers to have a going away party shortly after the findings from Greenville County Sheriff's Office were released.

27. Defendant subjected Plaintiff to a retaliatory hostile work environment after she made her report.

3

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

28.     Defendant isolated and excluded Plaintiff, micromanaged her, and subjected her to false and retaliatory complaints following her report.

29.     Defendant falsely accused Plaintiff of failing to supervise a subordinate, demoted Plaintiff on April 27, 2021, reduced her pay, and transferred Plaintiff from an 8am to 5 pm workday to a 12-hour night shift.

30.     The subordinate who Plaintiff was accused of failing to supervise was promoted to replace Plaintiff.

31.     Defendant demoted Plaintiff and the witness who corroborated Plaintiff's complaint, subjected them to the "Siberia Treatment," and reduced their pay.

32.     Plaintiff filed a Charge of Discrimination on June 17, 2021, regarding the discriminatory and retaliatory treatment and demotion described above.

33.     Defendant's harsh and unfair treatment toward Plaintiff continued and worsened following Plaintiff's first Charge of Discrimination.

34.     On July 7, 2021, one of Plaintiff's male supervisors falsely accused Plaintiff of unprofessionalism and incompetence in her profession.

35.     On August 5, 2021, one of Plaintiff's male supervisors falsely accused Plaintiff of negligence and incompetence in her profession. The supervisor threatened Plaintiff's employment and told her that she would have been charged criminally if the incident resulted in injuries, that he would make his recommendation known, and that Plaintiff would be looking for another job.

36.     It was apparent to Plaintiff that Defendant was creating a file for her termination.

4

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

37. Plaintiff had no choice but to resign as a result of the treatment she received.

38. Plaintiff provided her notice of resignation on August 5, 2021, effective two weeks later.

39. Defendant terminated her employment, effective immediately.

40. Plaintiff's last day of employment with Defendant was August 5, 2021.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT
(Sex Discrimination in Violation of Title VII)

41. Plaintiff realleges the foregoing where consistent.

42. Plaintiff is a member of a protected class based on her sex.

43. Plaintiff met Defendant's legitimate expectations.

44. Plaintiff was subjected to unwelcome sexual harassment based on her sex from Byers during her employment with Defendant.

45. Such harassment affected tangible aspects of the employee's compensation, terms, conditions, and privileges of employment.

46. Defendant knew or should have known of the harassment.

47. Such unwanted sexual conduct created an intimidating and hostile work environment and was subjectively viewed by Plaintiff to be abusive.

48. The conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere.

49. Moreover, Defendant treated Plaintiff in a disparate and hostile manner, denied Plaintiff fair terms and conditions of employment in comparison to similarly-situated male employees, demoted Plaintiff, disciplined Plaintiff, and ultimately forced Plaintiff to resign because of her sex.

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887

50.     Defendant engaged in sex discrimination against Plaintiff in violation of Title VII.

51.     Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief to correct her pay. Plaintiff last requests, and is due, pre-judgment interest on all damages recovered.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT
(Retaliation in Violation of Title VII)

52.     Plaintiff realleges the foregoing where consistent.

53.     Plaintiff engaged in protected activity by opposing and reporting sexual harassment to Defendant.

54.     Defendant treated Plaintiff in a disparate and hostile manner, demoted Plaintiff, disciplined Plaintiff, and ultimately forced her to resign because she engaged in protected activity under Title VII of the Civil Rights Act of 1964, as amended.

55.     Defendant engaged in retaliation against Plaintiff in violation of Title VII.

56.     Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled attorney's fees in accord with federal and state laws, and Plaintiff is entitled to injunctive relief to correct her pay. Plaintiff last requests, and is due, pre-judgment interest on all damages recovered.

## PRAYER FOR RELIEF

57. Plaintiff reallages the foregoing where consistent.

58. Plaintiff requests the jury award her actual, consequential, treble damages, attorney fees and costs and punitive damages within its discretion.

59. Plaintiff requests any equitable relief the Court deems just and proper.

60. Plaintiff requests pre-judgment interest.

                          Respectfully Submitted By,

                          BY: s/J. Paul Porter
                          J. Paul Porter (# 100723)
                          Elizabeth M. Bowen (#103337)
                          CROMER BABB PORTER & HICKS, LLC
                          1418 Laurel Street, Ste. A (Street Address)
                          Post Office Box 11675
                          Columbia, South Carolina 29211
                          Phone: 803-799-9530
                          Fax:    803-799-9533
                          paul@cbphlaw.com
                          beth@cbphlaw.com
                          Attorneys for Plaintiff

July 25, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Jul 25 12:29 PM - PICKENS - COMMON PLEAS - CASE#2022CP3900887